# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

**OSCAR SANTIAGO SOLORIO, III**,

    Plaintiff,

v.

**OLD MEXICO OF MOULTRIE, INC.**,

    Defendant.

Civil Action No. 7:22-CV-105 (HL)

## ORDER

Plaintiff Oscar Santiago Solorio, III filed this action against Old Mexico of Moultrie, Inc. for alleged acts of employment discrimination. Plaintiff has also filed a motion for leave to proceed without prepayment of the Court's filing fee, which is now before the Court. (Doc. 2).

**I.    Motion to Proceed IFP**

Plaintiff seeks to proceed with this action without prepayment of the $402.00 filing fee under 28 U.S.C. § 1915. When considering a motion to proceed *in forma pauperis* ("IFP") filed pursuant to 28 U.S.C. § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty." Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004) (internal citation omitted). The Court should accept statements contained in an IFP affidavit, "absent serious misrepresentation." Id. Although a litigant does not have to prove he is "absolutely destitute" to qualify under

§ 1915(a), he must show that "because of his poverty, he is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." Id. (citing Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 338–40 (1948)).

After reviewing Plaintiff's application to proceed IFP, the Court is satisfied that Plaintiff is sufficiently impecunious to warrant allowing him to prosecute his case at the taxpayers' expense. Plaintiff states that he has income of $40.00 per month. He claims to have no assets. Based on this information, the Court finds Plaintiff is unable to pay the costs and fees associated with this lawsuit and also manage the expenses of his household. Accordingly, Plaintiff's Motion to Proceed IFP (Doc. 2) is granted. This case shall proceed without the prepayment of fees.

## II.     Preliminary Review

Because Plaintiff is proceeding IFP, the Court is required to screen the Complaint and to dismiss it, or any portion thereof, if it (1) is frivolous or malicious; (2) fails to state a claim for which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" and the legal theories "indisputably meritless," or when it is apparent that "the defendant's absolute immunity justifies dismissal before service of process." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim on which relief may be granted when it does not include sufficient factual matter to permit a "reasonable inference that the

defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). However, *pro se* "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) (citations omitted).

Plaintiff's Complaint provides very little information about his claims against Defendant Old Mexico of Moultrie, Inc. Defendant appears to be either a former or present employer. While Plaintiff claims Defendant discriminated against him in his employment, Plaintiff provides no specific factual allegations regarding the nature of the discrimination, who discriminated against him, or even when the discrimination occurred. Further, Plaintiff has not stated whether he has exhausted any available administrative remedies. Without this information, the Court cannot properly evaluate Plaintiff's Complaint.

Plaintiff accordingly is **ORDERED** to recast his Complaint. The recast Complaint should clearly outline who discriminated against him, how that person or persons discriminated against him, when the discrimination occurred, and whether Plaintiff has exhausted any applicable administrative remedies.

Plaintiff shall have through **July 11, 2023**, to file his recast complaint. The recast complaint will supersede, or take the place of, the original complaint. The Court will not look back to the factual allegations in Plaintiff's original Complaint to determine whether Plaintiff has stated a cognizable claim. Plaintiff's failure to file a recast complaint will subject his lawsuit to dismissal for failure to prosecute.

**SO ORDERED**, this the 20th day of June, 2023.

/s/ Hugh Lawson
**HUGH LAWSON, SENIOR JUDGE**

aks